UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Stewart, | Court File No. |
| Plaintiff, | |
| vs. | COMPLAINT WITH JURY DEMAND |
| City of Moorhead; and Officer Zach Johnson, in his individual and official capacities, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law against the City of Moorhead and Officer Zach Johnson, in his individual and official capacities.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

3. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

4. Plaintiff Terry Stewart was at all material times a resident of the State of Minnesota and of full age.

5. The City of Moorhead, Minnesota, is a municipal corporation and the public employer of Defendant Officer Johnson.

6. Defendant Officer Zach Johnson at all times relevant to this complaint duly appointed and acting officer of the police department of the City of Moorhead, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Moorhead.

## FACTS

7. On July 28, 2022, the US Marshal Service Fugitive Task Force was attempting to arrest Plaintiff Terry Stewart on warrants issued by Otter Tail County District Court. The Task Force obtained information that Mr. Stewart was located at 1113 5th St. South, Moorhead, MN. The Task Force reached out to Defendants City of Moorhead and Officer Johnson for assistance with a K9. Officer Johnson and his K9 Partner Kash accepted the assignment and responded to the address to assist the Task Force.

8. Upon arrival, Officer Johnson was provided his assignment to patrol the northeast corner of the residence and assist with taking Mr. Stewart into custody in case he fled or refused to cooperate. Officer Johnson then positioned himself at the northeast corner of the residence with his K9 Partner Kash. Shortly after, Officer Johnson received radio information that law enforcement had made entry into the residence and observed Mr. Stewart attempting to exit the residence through a window.

9. At this point, Officer Johnson and K9 Kash moved to the east side of the residence. Officer Johnson then observed Mr. Stewart running from the residence. Next, Officer Johnson gave Kash a command to apprehend Mr. Stewart and deployed Kash to apprehend Mr. Stewart.

10. Officer Johnson did not announce a K9 warning prior to deploying Kash to apprehend Mr. Stewart. Officer Johnson also did not announce a K9 warning after deploying Kash to apprehend Mr. Stewart.

11. Officer Johnson did not allow Mr. Stewart an opportunity to surrender prior to deploying Kash to apprehend Mr. Stewart.

12. Upon deployment, K9 Kash identified Mr. Stewart as the suspect, ran towards Mr. Stewart, and apprehended Mr. Stewart using a bite and hold technique on Mr. Stewart's left hand/arm. In the process, K9 Kash also gouged Mr. Stewart's torso either by biting or with his claws. Mr. Stewart was then handcuffed and taken into custody.

13. Mr. Stewart did not know that a K9 would be deployed to apprehend him. Had he been given a K9 warning and an opportunity to surrender, Mr. Stewart would have surrendered himself to law enforcement.

14. As a result of the K9 deployment and apprehension, Mr. Stewart sustained severe physical trauma to his left hand/arm and his torso that requires ongoing medical care. As a result of the K9 deployment and apprehension, Mr. Stewart sustained severe psychological trauma and distress.

15. As a result of Defendant Officer Johnson's unnecessary and excessive use of force, Mr. Stewart suffers physical pain and trauma; emotional trauma, anguish, and distress; permanent physical injuries; diminished quality and enjoyment of life; and medical expenses.

## **CLAIMS FOR RELIEF**

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICER JOHNSON

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, Defendant Officer Johnson, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when he deployed his K9 to apprehend Mr. Stewart without announcing a K9 warning and without providing Mr. Stewart an opportunity to surrender.

18. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

19. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, Defendant Officer Johnson owed Plaintiff a duty and standard of care to announce a K9 warning prior to deploying Kash to apprehend Mr. Stewart and to allow Mr. Stewart an opportunity to surrender prior to deploying Kash to apprehend Mr. Stewart. Based on the facts set forth above, Defendant Officer Johnson breached this duty and standard of care.

21. Upon information and belief, Defendant Officer Johnson's conduct violated the Moorhead Police Department's Policies and Procedures as well as prior police training on deployment of police K9s.

22. Defendant City of Moorhead is vicariously liable to Plaintiff for Defendant Officer Johnson's negligence.

23. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

### COUNT 3: MINN. STAT. § 347.22 – STRICT LIABILITY AGAINST DEFENDANTS OFFICER JOHNSON AND CITY OF MOORHEAD UNDER MINNESOTA STATE LAW

24. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

25. Based on the above factual allegations, Defendant Officer Johnson's K9 Partner Kash apprehended and injured Plaintiff without provocation while Plaintiff was acting peaceably in a place where he had a legal right to be.

26. Pursuant to section 347.22, Defendants are strictly liable to Plaintiff for all injuries and damages sustained by Plaintiff as a result of the bites inflicted by Officer Johnson's K9 Partner Kash.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all claims set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

### THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: November 2 7 , 2024

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com